DENNIS *et al.*
*vs*
WARDER.

---

# Dennis *et al. vs* Warder.

## ERROR TO THE FLEMING CIRCUIT.

*Construction of Wills. Tenancy. Notice to quit.*

CHIEF JUSTICE ROBERTSON delivered the opinion of the Court.

EJECTMENT.

Case 53.

*October* 17.

The case stated.

IN the year 1813, Moses Moss, then residing in Virginia, and owning a tract of land there, published a will, directing his executors, among other things, to sell his "real estate" and divide the proceeds among his five children. The testator afterwards sold his land in Virgenia, removed to Kentucky, and purchased another tract here, on which he lived and died, without any revocation or re-publication of the will of 1813. That will having been proved and admitted to record, the only executor who accepted the trust, sold the testator's tract of land in this State to *Nelly Moss,* and distributed the proceeds

Dennis *et al.*
*vs*
Warder.

as directed, among the five children, of whom the wife of Walter F. Warder was one. Warder and wife were living on the land when it was thus sold, seemed to acquiesce in the sale, without intimating any other title thereto, than such as was claimed under the will, and voluntarily surrendered the possession to the purchaser.

*Nelly Moss*, the purchaser, afterwards died, and devised the said land to some persons of color, whom she emancipated. And Walter F. Warder, having separated from his wife, brought an ejectment for an undivided fifth part of the land, which he now claims through his wife as an heir, denying that this tract, purchased after the publication of the will, passed by it.

In addition to the foregoing facts, it was proved on the trial of this ejectment, that W. F. Warder, after the said sale, and whilst he cohabited with his wife and since, occupied a tract of land purchased by the executor with her portion of the proceeds of that sale, and conveyed in trust to her use, and *that of her children, in pursuance of* an act of Assembly of this State, and in conformity with the testator's expressed wish as to her distributive portion under the will.

Judgment of the Circuit Court.

The Circuit Court having virtually instructed the jury to find for the lessor, verdict and judgment were accordingly rendered in his favor, for an undivided fifth part of the land sued for.

In revising that judgment, three questions will be considered : 1st, Did the land sold by the executor to Nelly Moss pass by the will of Moses Moss? 2d, If it did not, did any of the facts, as proved on the trial, constitute a legal estoppal against W. F. Warder's right of entry ? And 3d, If neither of these two first propositions should be adjudged against him, was any notice of his claim or demand of possession necessary for the maintenance of this action?

A will directing a sale of testator's lands, extends only to such as he then owned, without manifest intention to extend it

1. The will passed only such real estate as the testator owned at the date of the publication, unless he manifested an intention to devise all the estate he might own at his death : *Warner's Ex'r.* vs *Swearingen*, (6 *Dana*, 195.) No such intention was indicated. The testator declared his purpose to dispose by will, of such estate "as

it (had) pleased God to bless (him) with." And there is nothing in the entire will which, so far as land was concerned, extended that purpose beyond what he then owned.

The fact that the will did not devise the real estate directly to the testator's children, but only gave a power to his executors to sell it for their benefit, cannot affect the legal construction, as to what real estate was embraced by the devise—for the power itself, must be restricted to the estate described by the testator, and which would have passed by a devise of it immediately to his children. Consequently, we concur with the Circuit Court on the first point.

2. The apparent acquiescence by W. F. Warder, in the sale and conveyance to Nelly Moss, his surrender to her as purchaser, and his reception and enjoyment of his wife's share of the consideration, might constitute an estoppal in equity—*Qui tacet consentire videtur, Qui potest et debet vetare, jubet*; 2 *Atkins*, 83; 2 *Vern.* 150; 5 *Vez.* 588; 7 *Ib.* 231; and in 6 *Term Reports, 556, Mr. Justice Lawrence* said that he remembered a case in which *Lord Mansfield* had applied such an estoppal at law, in an action of ejectment. But, with that solitary exception, so far as we know, it has been always treated as an equitable estoppel only—and we do not therefore feel authorized to extend it further, and apply it as a conclusive bar to an ejectment.

3. But, as the sale by the executor, so far as Warder and wife were concerned, was for their benefit, and of their title, and with their tacit consent, it should be considered as a sale virtually and in fact by them, which however the husband might renounce and avoid, because he had given no written authority to make the conveyance to Nelly Moss.

And consequently, as purchaser, she, and those claiming under her, held under Warder constructively, as his *quasi tenants* at will, and therefore, such holding through him and with his assent, was not tortious in fact, and could not be deemed wrongful in law, unless he had given notice of his claim, by demanding possession or otherwise.

*Margin notes:*

Dennis *et al.* *vs* Warder.

to after acquired lands.

*Qui tacit consentire vedetur, qui poteste et debet vetare, jubet,* is an estoppal in equity, but not applicable to cases at law.

A sale made of land by executor with the consent of the heir, considered as made by the heir, and—

MASTERS &c.       The holding should be considered just as it would have
      vs
MARTIN'S HEIRS.   been had he himself made a verbal sale, which certainly
A possession un-  would have prevented him from maintaining ejectment
der such pur-
chase, being a    without any previous notice, express or implied, of his
quasi tenancy,    election to avoid it, and make reclamation.
cannot be divest-
ed without no-       There being no such proof in this case, we are of the
tice to quit.
opinion that the defendants in the action should not be
deemed guilty of any trespass, and that, consequently, on
this ground alone, the verdict and judgment against them
should be set aside.

Judgment reversed and cause remanded for a new trial.

*Hord* for plaintiff: *Morehead & Reed* for defendant.